UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUTONIA JOHNSON,

  Plaintiff,          Case No. 20-CV-12283

vs.               HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,[1]

  Defendant.
_____/

**OPINION & ORDER**
**(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (R&R) DATED JANUARY 19, 2022 (Dkt. 19), (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 16), (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 17), AND (4) REMANDING THE CASE**

  This matter is presently before the Court on the R&R of Magistrate Judge Kimberly G. Altman, issued on January 19, 2022 (Dkt. 19). In the R&R, the magistrate judge recommends that the Court (i) grant Plaintiff Lutonia Johnson's motion for summary judgment (Dkt. 16), (ii) deny Defendant the Commissioner of Social Security's motion for summary judgment (Dkt. 17), and (iii) remand the case to the Commissioner of Social Security for further administrative proceedings consistent with the R&R.

  The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal

---

[1] This lawsuit was brought against the prior Commissioner of Social Security, Andrew Saul. Subsequently, Kilolo Kijakazi became the Acting Commissioner of Social Security.

conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court adopts the R&R (Dkt. 19), grants Plaintiff's motion for summary judgment (Dkt. 16), denies Defendant's motion for summary judgment (Dkt. 17), and remands this case to the Commissioner for further administrative proceedings consistent with the R&R.

SO ORDERED.

Dated: February 3, 2022  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge