UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUTONIA JOHNSON,

       Plaintiff,

v.

FRANK BISIGNANO, Commissioner
of Social Security,

       Defendant.

_____/

Case No. 20-cv-12283

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES (Dkt. 24)**

Before the Court is Plaintiff Lutonia Johnson's attorneys' motion for an award of $10,317.00, as a reasonable 42 U.S.C. § 406(b) contingent attorney fee for representation in this civil action, out of past due Social Security insurance benefits payable to Johnson.[1] (Dkt. 24). For the reasons set forth below, the motion is granted.

## I.    BACKGROUND

On May 4, 2022, the Court granted Johnson's petition for an award of attorney fees for the amount of $7,846 under the Equal Access to Justice Act, 28 U.S.C. § 2142(d) (EAJA). 5/4/22 Order (Dkt. 23). Since that time, Johnson, through her counsel and on remand to the Administrative Law Judge, obtained a partially favorable decision on her benefits claim. See 10/10/2023 ALJ Decision (Dkt. 24-4). The ALJ awarded Johnson $41,268.00 in past-due benefits. See 5/24/25 Social Security Administration Letter at PageID.1017 (Dkt. 24-3).

---

[1] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the brief. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). Jonson's motion represents that the Commissioner does not support or oppose the request. Mot. at PageID.992. Nor did the Commissioner file a response brief.

Counsel attached Johnson and her counsel's fee agreement, under which Johnson agreed to pay her counsel: "The lesser of Twenty-Five (25%) Percent of retroactive benefits obtained (or overpayment waiver) for me and/or my family or Six Thousand ($6,000.00) Dollars or such higher limit as the Commissioner of Social Security may set under 42 U.S.C. § 406(a)(2)." Agreement, at PageID.1015 (Dkt. 24-2). However, the agreement further provided that if there were any appeal beyond the ALJ hearing level—as occurred here—the fee would be calculated "strictly as 25% of retroactive benefits…." Id. (emphasis in original). Twenty-five percent of the $41,268 award comes to $10,317 in fees, which is what is sought here. Mot. at PageID.994.

Johnson's counsel states that, if awarded the fees sought in this motion then, as required by law, the EAJA fee award previously granted in the amount of $7,846 will be refunded.

## II.   ANALYSIS

As the Sixth Circuit explains: "Congress provided authority to the Social Security Administration in 42 U.S.C. § 406(a) and to the federal courts in 42 U.S.C. § 406(b)(1) to approve and to fix the amount of fees of social security claimants' attorneys for services rendered in obtaining benefits." Rodriquez v. Bowen, 865 F.2d 739, 744 (6th Cir. 1989). Section 406(b)(1) states that the Court must determine the reasonableness of the fee. The statute states that a reasonable fee is one "not in excess of 25 percent of the past-due benefits" awarded to the claimant. Id.

Within the 25% "statutory ceiling," the district court must conduct a "review for reasonableness [of the] fees yielded by" contingency fee agreements. Gisbrecht v. Barnhart, 535 U.S. 789, 808–809 (2002). Reasonableness is determined by: "looking first to the contingent-fee agreement, then testing it for reasonableness," and the Court may then "appropriately reduce[] the attorney's recovery based on the character of the representation and the results the representative

2

achieved."[2]  Id. at 808.  The Court may adjust the fee downward if, for example, "the attorney is responsible for delay," or if "the benefits are large in comparison to the amount of time counsel spent on the case."  Id. at 808.

The lawfulness of the contingent fee agreement and its reasonableness factor weighs in favor of granting the request.  As discussed above, counsel attached the agreement to the motion and is transparent about its content.  The Court is not presented with any reasons to find that it is not a fair and lawful agreement.

As to the results achieved factor, Johnson obtained an award of $41,268 in benefits.  This is an achievement, particularly since the benefits were past due and wrongfully denied.  The results counsel achieved on Johnson's behalf were successful.  Moreover, as the motion notes, Johnson "will receive not only past due benefits wrongly denied, but also ongoing benefits," so the value of this case goes beyond the past-due total.  Mot. at PageID.1003.  This factor also weighs in favor of granting the award.

As to the character of the representation, the motion argues that counsel was "effective and efficient," has been practicing law in the State of Michigan since 1976 and has over 25 years of experience with Social Security cases in both supervisory and direct handling of the litigation.  Id. at PageID.1004.  Counsel describes the time and attention paid to the case, primarily in briefing.  Id. at PageID.1005.  The time counsel spent on the portion of the case before this Court was 45.5

---

[2] Johnson's motion correctly explains that the "lodestar" method, traditionally used in assessing reasonableness of attorney fee awards "under statutes that shift the obligation to pay to the loser in litigation," is not applicable in cases such as this.  Gisbrecht, 535 U.S. at 792.  Instead, this case falls within the genre of attorney fees that are "payable from the successful party's recovery."  Id. at 802.

hours.  Id. at PageID.1004.  That is a reasonable amount of time and, given counsel's experience and efficiency, no downward adjustment is appropriate based on the time spent.

These factors weigh in favor of granting the award.  The Court finds that the request for attorney fees in the amount of $10,317 is reasonable.  There is no evidence of delay, a windfall, or any other reason for denying or reducing this award.

### III.   CONCLUSION

For the reasons explained, the Court grants Johnson's counsel's request for $10,317.00 in attorney fees under 42 U.S.C. § 406(b).  (Dkt. 24).

**SO ORDERED.**

Dated: December 2, 2025  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 2, 2025.

s/Joseph Heacox  
JOSEPH HEACOX  
Case Manager